UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20435-CIV-ALTONAGA/Brown

**MILITZA A. RODRIGUEZ**, and all others
similarly situated under 29 USC § 216(B),

    Plaintiff,

vs.

**DENNIS A. CORTES, M.D., P.A.,**
and **DENNIS A. CORTES,**

    Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, DENNIS A. CORTES, M.D., P.A., a Florida corporation, and DENNIS A. CORTES, an individual, (collectively "Defendants"), by and through the undersigned counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), file this Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief Can be Granted, and in support state the following:

### BACKGROUND

The Plaintiff has filed a Complaint alleging violations of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.) for alleged overtime violations. The Complaint sets forth one (1) substantive count, pursuant to § 207 of the Fair Labor Standards Act ("FLSA") against each Defendant. The Complaint sets forth a second substantive count against each Defendant, of Retaliatory Discrimination and Discharge under 29 U.S.C. 215(A)(3). Plaintiff seeks back wages, liquidated damages, attorney's fees, litigation expenses,

1

injunctive relief, damages for emotional distress and humiliation, damages for pain and suffering, damages for personal injury, medical bills, and front wages until the Plaintiff becomes 65 years of age.

Dennis A. Cortes, M.D., P.A. is an internal medicine practice in Miramar, Florida, that does not engage in interstate commerce as is required for 29 U.S.C. § 207 to apply. Defendant Dennis A. Cortes, M.D., is the physician on staff, maintains a strictly local practice, and does not engage in interstate commerce as required for the applicability of 29 U.S.C. § 207. As set forth below, these facts require the conclusion that the Plaintiff's Complaint should be dismissed because (1) the Plaintiff has failed to establish subject matter jurisdiction; and (2) the Plaintiff has failed to state a claim upon which relief can be granted.

## MEMORANDUM OF LAW

### I. COUNT I OF THE PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE PLAINTIFF CANNOT ESTABLISH SUBJECT MATTER JURISDICTION AND HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

It is well-settled law that the party invoking the Court's jurisdiction bears the burden of demonstrating that the matter falls within the Court's subject matter jurisdiction. *Makro Capital of Am., Inc. v. UBS AG*, 436 F. Supp. 2d 1342, 1345 (S.D. Fla. 2006). In the present case, the Plaintiff has not demonstrated that the Defendants are subject to the FLSA and therefore has failed to meet her burden of establishing subject matter jurisdiction.

Additionally, the Plaintiff's complaint fails to state a claim upon which relief can be granted, thereby warranting dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

A. <u>The Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff cannot establish coverage under the FLSA.</u>

Section 207(a)(1) of the FLSA provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C § 201(a)(1). Simply put, the FLSA requires an employer to pay overtime at a rate of one and one-half of the employee's regular pay for any time worked in excess of forty hours in one week. This FLSA provision applies in only two circumstances. *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006). The first, referred to as "individual coverage," is where an employee is engaged in commerce or the production of goods for commerce. *Id.* at 1266. The second, referred to as "enterprise coverage," is where an employee works for an enterprise engaged in commerce or in the production of goods for commerce. *Ares v. Manuel Diaz Farms, Inc.*, 318 F.3d 1054, 1056 (11th Cir. 2003). The burden is on the employee to establish either individual coverage or enterprise coverage. *See Thorne*, 448 F.3d at 1266.

When undertaking an analysis of whether an employee is covered under the FLSA, it is significant to note that the Supreme Court has called for a narrower interpretation of the terms "commerce" and "interstate commerce" than in other areas of Commerce Clause jurisprudence. The Supreme Court has stated that Congress, in enacting the FLSA, did not intend to exercise the full extent of its constitutional regulatory powers, and clearly intended to exempt local businesses:

> [W]e cannot be unmindful that Congress in enacting this statute plainly indicated its purpose to leave local business to the protection of the states. (citations omitted). Moreover, as we stated in *Kirschbaum Co v. Walling* (citations omitted), Congress did not exercise in this Act the full scope of the commerce power.

*Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 571 (1943).

In this case, the Plaintiff has not established individual coverage or enterprise coverage; therefore, the FLSA does not apply and the Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

### 1. The Plaintiff is not entitled to individual coverage under the FLSA because she was not "engaged in commerce" in her employment with the Defendants.

To qualify for individual coverage under the FLSA, an employee must be "engaged in commerce or in the production of goods for commerce." *See* 29 U.S.C. § 207(a)(1). In determining whether an employee qualifies for such coverage, courts should look to the activities of the particular employee and not the business of the employer. *See Mitchell v. Lublin McGaughy & Assoc.*, 358 U.S. 207, 211 (1959).

The Eleventh Circuit has held that in order to be "engaged in commerce," an employee must be "directly participating in the actual movement of persons or things in interstate commerce." *Thorne*, 448 F.3d at 1266. In *Thorne*, the Court denied coverage by the FLSA to an employee who claimed that he was "engaged in commerce" when he used a company credit card to transact business, because the credit card bill came from another state. *Id* at 1267. The employee also claimed that he was "engaged in commerce" when he purchased goods which had traveled in interstate commerce. *Id.* The Court found this to be insufficient evidence of "engaging in commerce" as well, stating, "when goods reach the customer for whom they were intended, the interstate

journey ends and employees engaged in any further *intra*state movement of the goods are not covered under the Act." *Id.* (citing *McLeod v. Threlkeld*, 319 U.S. 491, 493 (1943)).

In addition to the requirement that an employee must be directly participating in the actual movement of persons or things in interstate commerce, "for an employee to be engaged in commerce, 'a substantial part of the employee's work must be related to interstate commerce.'" *Kitchings v. Florida United Methodist Children's Home, Inc.*, 393 F. Supp. 2d 1282, 1293 n. 26 (M.D. Fla. 2005)(quoting *Boekemeier v. Fourth Universalist Soc'y in City of New York*, 86 F. Supp 2d 280, 287 (S.D.N.Y. 2000)) and (citing *Walling*, 317 U.S. at 572).

In the present case, the Plaintiff's Complaint fails to provide sufficient evidence to demonstrate that she is "engaged in commerce" and therefore covered by the FLSA. In Paragraph Nine of the Complaint, the Plaintiff states that "[her] work for the Defendants affected interstate commerce for the relevant time period because the materials that she used or transported on a constant and/or continual basis and/or that were supplied to her by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same." Similar to *Thorne*, where the purchase of supplies that had traveled in interstate commerce was insufficient evidence of "engaging in commerce" to trigger coverage by the FLSA, in this case the Plaintiff's above-stated allegations are insufficient.

The Plaintiff failed to plead that she was directly participating in the actual movement of persons or things in interstate commerce and that a substantial part of her work was related to interstate commerce; therefore, she is not entitled to individual coverage under the FLSA.

2. **The Plaintiff is not entitled to enterprise coverage under the FLSA because the Defendants are not an enterprise that is "engaged in commerce."**

To qualify for enterprise coverage under the FLSA, an employee must be employed by "an enterprise engaged in commerce," as defined by § 203(s)(1) of the FLSA which provides, in relevant part:

> Enterprise engaged in commerce or in the production of goods for commerce means an enterprise that:
> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

As explained in the preceding sections of this memorandum of law, "engaged in commerce" carries a narrow interpretation in the context of the FLSA. Just as with individual coverage, in order to be "engaged in commerce" for enterprise coverage, the employee must show that the employee is "directly participating in the actual movement of persons or things in *interstate* commerce." *Bien-Aime v. Nanak's Landscaping, Inc.*, 572 F. Supp. 2d 1312, 1317 (S.D. Fla. 2008) (holding that employee's claims that employer "engaged in commerce" by maintaining a website available to anyone with internet access; using cellular telephones, fax machines and a land-line in the office; using a national bank; and buying products on credit cards, were insufficient to establish enterprise coverage). To support its holding in *Bien Aime*, this Court stated:

> [W]ere it to rely on the facts argued by Plaintiff in support of enterprise coverage (and ignore that for all intents and purposes, Defendant is a local landscaping business) to find that Section 207(a) applies in this case, the application of the FLSA would be nearly limitless ... Application of the FLSA in this case would clearly undermine the intent of Congress in enacting the FLSA,

which was to "leave local business to the protection of the states." (citing *Walling*, 317 U.S. at ).

*Bien Aime*, F. Supp. 2d at 1317.

In the present case, the Plaintiff has failed to plead any facts that show that the Defendants were "engaged in commerce" in a manner sufficient to establish enterprise coverage. Additionally, as in *Bien-Aime*, application of the FLSA in this case would undermine Congress' intent in enacting the FLSA. Defendant's business is exactly the type of local business that Congress intended to "leave to the protection of the states" under the FLSA.

The Plaintiff has failed to plead that she is entitled to individual coverage or enterprise coverage under the FLSA. Therefore, Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

B. **The Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted because Plaintiff has not set forth sufficient facts to support her claim.**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint should be dismissed if it fails to state a claim upon which relief can be granted. A complaint should not be dismissed for failure to state a claim under FRCP 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bracewell v. Nicholson Air Servs., Inc.*, 680 F.2d 103, 104 (11th Cir. 1982). At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, only those allegations that are "well pleaded" need be taken as true by the Court upon ruling on a motion to dismiss. *Showers v. City Bartow*, 978 F. Supp. 1464,

1466 (M.D. Fla. 1997) (citing *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)).

To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (citing *Blumel v. Mylander*, 919 F. Supp. 425, 425 (M.D. Fla. 1996)). A court need not accept factual claims that are internally inconsistent, facts which run counter to facts of which the court can take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions asserted by a party. *Campos v. I.N.S.*, 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998); *Ellen S. v. The Florida Bd. of Bar Examiners*, 859 F. Supp. 1489, 1492 (S.D. Fla. 1994); *Olpin v. Ideal Nat'l Ins. Co.*, 419 F.2d 1250, 1255 (10th Cir. 1969).

In the present case, the allegations contained in paragraph nine of Plaintiff's Complaint must fail because they are merely legal conclusions masquerading as factual allegations, as stated by the Court in *Fernandez-Montez*. The Plaintiff's allegations are not sufficient to support her claim because they do not demonstrate how the Defendants engaged in interstate commerce, but only make the legal conclusion that the Defendants in fact did so. For the Plaintiff's claim that she is covered by the FLSA to stand, the Complaint must demonstrate that the Defendants engaged in interstate commerce. The Complaint fails to sufficiently establish this fact, and fails to give the Defendants fair notice of the grounds upon which the Plaintiff's claims rest; and therefore, should be dismissed for failure to state a claim upon which relief can be granted.

## II. COUNT II OF THE PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

In Count II of the Complaint, Plaintiff sets forth a claim against Defendants for Retaliatory Discrimination and Discharge under 29 U.S.C. 215(A)(3). Because Plaintiff failed to show subject matter jurisdiction and failed to state a claim for Count I, likewise there is no basis for Count II, requiring dismissal of the entire Complaint.

### CONCLUSION

For the foregoing reasons, the Plaintiff's Complaint should be dismissed with prejudice for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Respectfully submitted

**JONES & ADAMS, P.A.**
9155 South Dadeland Blvd. #1506
Miami, Florida 33156
Telephone: (305) 270-8858
Facsimile: (305) 270-6778
Email: matthew@jones-adams.com

By: _____/s/_____
Matthew L. Jones, Esq.
Florida Bar No.: 909335

**Certificate of Service**

I HEREBY CERTIFY that on March 13, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF as well as via U.S. Mail.

Service List
**Militza A. Rodriguez v. Dennis A. Cortes, M.D., P.A. and Dennis A. Cortes, M.D.**
**Case No. 09-20435-Civ-ALTONAGA/Brown**
**United States District Court, Southern District of Florida**

J.H. Zidell
J.H. Zidell, P.A.
3100 71st Street #605
Miami Beach, Florida 33141
Telephone: (305)865-6766
Facsimile: (305) 865-7167
Attorneys for Plaintiff
Militza A. Rodriguez