UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MILITZA A. RODRIGUEZ,<br>    Plaintiffs and all others similarly situated under 29 USC 216(B),<br>    vs.<br><br>DENNIS A. CORTES, M.D. P.A.<br>DENNIS A. CORTES<br><br>    Defendants | Case No.: 09-20435-CIV-ALTONAGA/BROWN |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

COMES NOW Plaintiff, through the undersigned, in response to the above-described Defendants' Motion as follows:

1. This matter sounds under the Fair Labor Standards Act ("FLSA").

2. Defendants allege a lack of FLSA jurisdiction at this early stage prior to commencement of discovery.

MEMORANDUM OF LAW

A.  Fed.R.Civ.P. Rule 8 and Motion to Dismiss standard.

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true in a light favorable to the non-moving party. *Clifton v. Kinney*, 2006 U.S. Dist. Lexis 85256, *1 (M.D. Fla. 2006), *citing Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004), *citing Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). To succeed on their Motion to Dismiss, pursuant to the applicable standard of review, Defendants in the case at bar must demonstrate "beyond doubt" that "no set of facts" could entitle Plaintiff to relief. *75 Acres, LLC v. Miami-Dade County*, 338 F.3d 1288, 1293 (11th Cir. 2003).

In the instant case, when this Court reviews the issues set forth in the Complaint in a light favorable to Plaintiff, there is sufficient doubt present requiring the Court to deny Defendants' Motion to Dismiss. Based on the Complaint, the "set of facts" at issue, if true, would entitle Plaintiff to relief. The Complaint alleges FLSA jurisdiction (including the $500,000 threshold and interstate commerce), and claims entitlement to unpaid wages among other things.

Rule 8 of the Fed.R.Civ.P. states that a Complaint "shall contain … a short and plain statement" setting forth entitlement to relief. Defendants are on notice of what the Plaintiff claims and the ground upon which it rests. *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957).

B.  FLSA Jurisdiction.

29 U.S.C. 203(s)(1) defines "enterprise" coverage as an enterprise that has employees "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." As stated in Galdames v. N & D Inv. Corp., 2008 U.S. Dist. LEXIS 73433 (S.D. Fla. 2008):

> "It is notable how many courts in the past three-and-a-half decades have concluded that virtually any enterprise that meets the statutory annual gross sales requirement is subject to the FLSA. *See, e.g., Dunlop v. Indust. America Corp.*, 516 F.2d 498, 500-02 (5th Cir. 1975) [6] (referring to the 1961 expansion, and noting "[t]his change extended coverage to businesses with employees engaged in handling or utilizing goods after they had ceased the interstate portion of their movement. This approach reached those nearer the end of the chain of distribution, e. g., retail and service establishments whose businesses were otherwise local in character."); *Archie v. Grand Cent. Partnership, Inc.*, 997 F.Supp. 504, 530 (S.D.N.Y. 1998) ("The bill also adds the word 'or materials' after the word 'goods' to make clear the Congressional intent to include within this additional basis of coverage the handling of goods consumed in the employer's business, as, e.g., the soap used by a laundry. . . . Since 1974, courts facing the

issue presented here have unanimously come to the same conclusion: local business activities fall within the reach of the FLSA when an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce."); *Dole v. Bishop*, 740 F. Supp. 1221, 1225-26 (S.D.Miss.1990) ("[P]ursuant to a 1974 amendment, . . . in order for an enterprise to be engaged in commerce, it must have employees 'handling, selling, or otherwise working on goods or materials' that have moved in interstate commerce. This amendment adding the words  'or materials' leads to the result that virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA.") (internal citation and emphasis omitted); *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, No. 8:07-cv-2359-T-23TGW, 2008 U.S. Dist. LEXIS 23007, 2008 WL 793660, at *1 (M.D.Fla. Mar. 24, 2008) ("[E]nterprise coverage embraces virtually every business whose annual gross volume of sales or business is $ 500,000 or more . . . .")"

" Because enterprise coverage embraces virtually every business whose  annual gross volume of sales or business is $ 500,000 or more,   "the most salient element of an 'enterprise' allegation will be the amount of business a defendant does." *Farrell v. Pike,* 342 F. Supp. 2d 433, 439 (M.D.N.C. 2004). Cited by Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc., 2008 U.S. Dist. LEXIS 23007 (M.D. Fla. 2008).

Due to the premature stage of this litigation, the relevant "information will most often be in the hands of the defendant." *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, 2008 U.S. Dist. LEXIS 23007, *6 (M.D. Fla. 2008), citing *Farrell v. Pike,* 342 F. Supp. 2d 433, 439 (M.D.N.C. 2004).  Defendants wish to at this time require more than is necessary under Rule 8 prior to discovery.  Defendants are able to frame an Answer to the Complaint at this time.

C. <u>Conclusion</u>.

At most this matter is subject to a facial attack analysis within the four corners, and Defendants have no undisputed facts demonstrating a lack of FLSA jurisdiction. Plaintiff has complied with the pleading requirements under Rule 8.  Defendants are clearly on notice of the allegations and can frame an Answer, and may pursue discovery to address jurisdiction at summary judgment if justified.

WHEREFORE, Plaintiff respectfully moves this Court to deny Defendants' Motion in its entirety.

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: KRL_KELLY@YAHOO.COM**
**F.B.N. 0123870**
**BY:_____K. David Kelly__/s/_____**
**K. DAVID KELLY, ESQ.**

**CERTIFICATE OF SERVICE:**
**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED TO THE FOLLOWING SUBSEQUENT TO E-FILING:**

**MATTHEW L. JONES, ESQ.**
**JONES & ADAMS, P.A.**
**JONES & ADAMS, P.A.**
**9155 S DADELAND BLVD STE 1506**
**MIAMI, FLORIDA 33156**
**FAX: 305.270.6778**

**BY:_____/s/ K. David Kelly_____**
**K. DAVID KELLY, ESQ.**